RAFAEL PAGÁN TORRES, Plaintiff and Appellant, *v.* RAMONA CABALLERO WIDOW OF ANCA, Defendant and Appellee.

No. 9554. Argued January 16, 1948.—Decided March 1, 1948.

R. *Rodríguez Lebrón* and A. R. *de Jesús, Jr.* for appellant.  *Mariano Acosta Velarde,* for appellee.

Mr. Justice Snyder delivered the opinion of the Court.

The plaintiff filed this suit for damages on March 31, 1947. He alleged that he was occupying as a tenant a house belonging to the defendant pursuant to a lease for a rental of $80 monthly; that the defendant-landlord demanded that he vacate the property because the latter was seeking in good faith to recover possession thereof to use it as his residence; that the defendant obtained on the same ground a certificate of eviction from the O.P.A. authorizing him to file suit to evict the plaintiff after January 12, 1947; that the plaintiff was notified of this certificate; that the latter vacated the premises on January 4, 1947; that the defendant never established his residence in this house, but sold it on March 3,

1947; that the statement of the defendant that he was seeking possession of the house to use it as his residence was made to frustrate the right of the plaintiff to continue occupying the house; that as a result, the plaintiff has suffered damages in the amount of $8,500.

The defendant moved to dismiss the complaint on the ground that it failed to state facts sufficient to constitute a cause of action. The district court granted the motion and finding that the complaint was not susceptible of amendment, entered judgment in favor of the defendant. The plaintiff appealed from this judgment.

■■ This case is controlled by *Latoni* v. *Municipal Court,* 67 P.R.R. 130. We held there that during the first half of 1947 the Federal Act prohibited local rent control laws. Consequently, at that time the only valid rent control law for housing accommodations was the Federal Act. The right of a tenant to be free from eviction therefore arose exclusively out of Federal law. And the Federal inhibition against local rent control laws barred the creation by insular statute of a cause of action for damages arising out of violation of this Federal right. A suit alleging as here that a landlord obtained possession of a house from his tenant by asserting sufficient grounds for eviction under the Federal Act but that the grounds were false, could therefore be brought early in 1947 only if it was authorized by the Federal statute.

When we turn to the Federal Act, we find that although a tenant could sue for treble damages for overcharges in rent, the Federal Act from 1942 to date has never granted the injured tenant a civil remedy of damages for eviction on false grounds. Indeed, the appellant concedes that no such Federal right has ever existed. The only remedies against such a landlord, even under the more stringent earlier Acts, were injunction proceedings brought by the Administrator to restrain unlawful evictions, *Fleming* v. *Rhodes,* 331 U.S. 100; and criminal sanctions for violation of the regulations, *Down-*

*ing* v. *United States,* 157 F. (2) 738 (C.C.A. 8, 1946). The district court therefore did not err in granting the motion to dismiss the complaint.

■ What we have said is sufficient to dispose of the instant case. But local rent control laws are not prohibited under the Federal Housing and Rent Act of 1947. Consequently, after July 1, 1947 no barrier existed against local rent control statutes supplementing the Federal Act, provided they were not in substantial conflict with the latter. And provision for a damage suit by a tenant for eviction on false grounds is obviously supplementary to rather than in conflict with the Federal Act. *Avila* v. *District Court, ante,* p. 10.

■■ We therefore think it appropriate to call attention to § 12(*f*) as amended by Act No. 36, Laws of Puerto Rico, 1947, Special Session. That section provides for a damage suit by a tenant against a landlord under certain circumstances. We do not undertake in this case to determine either the exact meaning of § 12(*f*) establishing this remedy or its validity. Assuming, without deciding, that it is valid, it can be plausibly argued that under § 12(*f*) as amended a tenant has a cause of action only if a landlord wrongfully ousts a tenant by means of judicial proceedings. Indeed, the appellant concedes that § 12(*f*) must be so interpreted. However, the appellant argues that this nevertheless leaves intact the general remedy provided by § 1802 of the Civil Code for a tenant who as here vacated a house under threat of suit. Cf. *Yordán* v. *Ríos, ante,* p. 241.

This case, as we have seen, does not require us to dispose of the contention of the appellant that he had a cause of action under § 1802. Local statutes creating a cause of action for damages for violation of the Federal right of a tenant arising out of the Federal Act were prohibited in 1947 by the bar in the Federal Act against local rent control laws. The present suit therefore could not prosper at that time, whether brought under § 12(*f*) or § 1802. However, local

rent laws—and a statute such as § 12(*f*) creating a cause of action for damages to a tenant for eviction on false grounds —are now permitted. But the appellant concedes that § 12(*f*) is limited to damage suits by tenants who were evicted by judicial action. Under that theory a tenant who vacated a house prior to but under threat of an unlawful detainer suit based on false grounds would be reduced to suing under § 1802, which may or may not provide for such a cause of action. In view of the uncertainty as to the applicability of § 1802 the Legislature, which is presently in session, may wish to settle this question by broadening the terms of § 12(*f*) to include not only tenants who are evicted by judicial action but also tenants who vacate under threat of a judicial proceeding.

The judgment of the district court will be affirmed.

Mr. Justice De Jesús did not participate herein.